■ ALGON FOOD CORP. et al., Respondents, v TRAVELERS INSURANCE COMPANIES et al., Appellants, et al., Defendant.— Order of the Supreme Court, New York County (Eugene Nardelli, J.), entered on April 19, 1989, which granted the motion for leave to renew by defendant Travelers Insurance Companies and, upon renewal, denied its motion for partial summary judgment, denied the motion by defendant Royal Indemnity Company for partial summary judgment and granted plaintiffs' cross motion to strike Travelers' eighth and Royal's third affirmative defenses, is unanimously modified on the law to the extent of denying plaintiffs' cross motion to strike Travelers' eighth and Royal's third affirmative defenses, and otherwise affirmed, without costs or disbursements.

Plaintiffs commenced this action for damages for property and business losses arising out of a fire which occurred on their premises on October 8, 1984. Thereafter, plaintiffs successfully sought to amend the complaint to include the date of

October 7, 1984 as an additional basis for liability. Defendants, however, answered by asserting affirmative defenses that any fire loss claims with respect to October 7, 1984 were time barred by the two-year Statute of Limitations specified in Insurance Law § 3404. In that regard, it is defendants' contention that the fires took place on two separate occasions and, therefore, the original complaint failed to provide notice of the earlier fire. Defendants moved for partial summary judgment on the limitations issue while plaintiffs cross-moved to dismiss the subject affirmative defenses. The court denied defendants' motions but granted plaintiffs' cross motion on the ground that no prejudice to defendants' investigation of the first fire has been demonstrated by the delay in pleading.

If, as plaintiffs urge, the fire losses allegedly sustained on October 7, 1984 relate back to the original complaint on the ground that the fires constituted a continuous course of events rather than, as defendants argue, two distinct and unrelated occurrences, then the defenses of untimeliness will ultimately be unavailing. If, on the other hand, defendants' position eventually prevails, and the evidence were to show that the two fires were separate in time, location and origin, then the Statute of Limitations will preclude recovery for any losses caused by the October 7th fire. However, what is involved herein is a disputed question of fact which certainly cannot be resolved on the existing record. Therefore, the effect of the Supreme Court's decision granting plaintiffs' cross motion to dismiss defendants' affirmative defenses of untimeliness was to determine in plaintiffs' favor a contested factual matter. This was error. Concur—Kupferman, J. P., Milonas, Asch, Kassal and Smith, JJ.